1  FRANCIS M. GREGOREK (144785)
   gregorek@whafh.com
2  BETSY C. MANIFOLD (182450)
   manifold@whafh.com
3  RACHELE R. RICKERT (190634)
   rickert@whafh.com
4  MARISA C. LIVESAY (223247)
   livesay@whafh.com
5  **WOLF HALDENSTEIN ADLER**
     **FREEMAN & HERZ LLP**
6  750 B Street, Suite 2770
   San Diego, CA 92101
7  Telephone:  619/239-4599
   Facsimile:  619/234-4599
8

9  Counsel for Movant Jesse Ferris

10
11            **UNITED STATES DISTRICT COURT**

12            **CENTRAL DISTRICT OF CALIFORNIA**

13  GUIDANO NAPOLI, Individually    )  Case No. CV 15-03474-TJH (PJW)
14  and on Behalf of All Others     )
    Similarly Situated,             )
15                                  )  **NOTICE OF MOTION AND MOTION**
                                    )  **OF JESSE FERRIS FOR**
16         Plaintiff,               )  **CONSOLIDATION OF RELATED**
                                    )  **ACTIONS, APPOINTMENT AS LEAD**
17                                  )  **PLAINTIFF AND APPROVAL OF**
    v.                              )  **SELECTION OF COUNSEL;**
18                                  )  **MEMORANDUM OF POINTS AND**
19  AMPIO PHARMACEUTICALS,          )  **AUTHORITIES IN SUPPORT**
    INC., MICHAEL MACALUSO,         )  **THEREOF; [PROPOSED] ORDER**
20  MARK D. MCGREGOR, and           )  **THEREON**
    GREGORY A. GOULD,               )
21                                  )
22                                  )
           Defendants.              )
23                                  )
24                                  )  DATE:     August 10, 2015
                                    )  TIME:     UNDER SUBMISSION
25                                  )  CTRM:     17
                                    )  JUDGE:    Hon. Terry J. Hatter, Jr.
26                                  )
27 _____ )
28

SHIVA STEIN, Individually and on )   Case No. CV 15-03640-TJH (PJW)
Behalf of All Others Similarly )
Situated, )
)
           Plaintiff, )
)
v. )
)
AMPIO PHARMACEUTICALS, )
INC., MICHAEL MACALUSO, )
MARK D. MCGREGOR, and )
GREGORY A. GOULD, )
)
           Defendants. )
)
)
)

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 10, 2015, or as soon thereafter as the matter may be heard, before the Honorable Terry J. Hatter, Jr., Judge of the United States District Court for the Central District of California, in Courtroom 17 of the above-entitled Court located at 312 N. Spring Street, Los Angeles, California 90012, movant and proposed lead plaintiff Jesse Ferris ("Movant") will, and hereby does, move this Court for an order:  (i) consolidating the above-captioned actions and all future related actions;  (ii) appointing Movant as Lead Plaintiff in this action; and (iii) approving Movant's choice of Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel.

This motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, on grounds that Movant has timely filed this motion, is the "most adequate plaintiff," and meets the requirements of Rule 23 of the Federal Rules of Civil Procedure.  This motion is based upon this notice of motion, the memorandum of points and authorities attached hereto, the declaration of Rachele R. Rickert filed in support thereof, any reply papers subsequently filed, and any argument presented by counsel at a hearing on the motion.

///
///
///
///
///
///
///
///
///

- 1 -

1    Local Rule 7-3 requires a conference of counsel prior to filing the motions.

2    Movant, however, does not know if any other class member plans to move for

3    appointment as lead plaintiff. Therefore, Movant respectfully requests that the

4    conference requirement of Local Rule 7-3 be waived as to this statutory motion

5    deadline in keeping with the requirements of the PSLRA.

6

7                                        Respectfully submitted,

8    DATED: July 7, 2015                 **WOLF HALDENSTEIN ADLER**

9                                            **FREEMAN & HERZ LLP**

10                            By:         ___/s/ Rachele R. Rickert___
                                          RACHELE R. RICKERT
11

12                                       FRANCIS M. GREGOREK
                                         BETSY C. MANIFOLD
13                                       MARISA C. LIVESAY
                                         RACHELE R. RICKERT
14                                       750 B Street, Suite 2770
                                         San Diego, CA 92101
15                                       Telephone:   619/239-4599
                                         Facsimile:   619/234-4599
16                                       gregorek@whafh.com
                                         manifold@whafh.com
17                                       rickert@whafh.com
                                         livesay@whafh.com
18

19                                       Attorneys for Movant Jesse Ferris

20

21

22

23

24

25

26

27

28

- 2 -

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

## I.   INTRODUCTION

Movant and proposed Lead Plaintiff, Jesse Ferris, respectfully submits this memorandum of law in support of his motion pursuant to Section 21(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an Order:  (i) consolidating the related, above-captioned actions and all future related actions; (ii) appointing Jesse Ferris as Lead Plaintiff in this action on behalf of purchasers of Ampio Pharmaceuticals, Inc. ("Ampio" or "the Company") securities; and (iii) approving Jesse Ferris's selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Lead Counsel.

Movant's motion should be granted.  As shown below, Movant's motion is timely as it is filed within sixty (60) days of the first published notice of this class action litigation brought on behalf of the common stock holders of the Company under Sections 10(b) and 20(a) of the Exchange Act, and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5) against Defendants.[1]  Furthermore, Jesse Ferris is the "most adequate plaintiff" within the meaning of 15 U.S.C. § 78u-4(a)(3)(B (iii)(I) because he has the largest financial interest of any Lead Plaintiff movant in the relief sought by the proposed class and otherwise meets the requirements of Rule 23(a) of the Federal Rules of Civil Procedure.  Additionally, Mr. Ferris's selection of Wolf Haldenstein as Lead Counsel should be approved, as the firm has substantial experience prosecuting securities class action litigation.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

---

[1]   "Defendants" shall refer collectively to Ampio Pharmaceuticals, Inc. ("Ampio"), Michael Macaluso ("Macaluso"), Mark D. McGregor ("McGregor") and Gregory A. Gould ("Gould").

- 1 -

## II.   PROCEDURAL BACKGROUND

On May 8, 2015, an action captioned *Napoli v.  Ampio Pharmaceutials, Inc., et al.,* No. 2:15-cv-03474 (the "*Napoli* Action") was filed in this Court alleging violations of the Exchange Act on behalf of all persons who purchased or otherwise acquired Ampio securities during the Class Period (defined *infra*).   On May 8, 2015, counsel in the *Napoli* Action published a notice of pendency of the class action via *Business Wire* advising members of the proposed class of their right to move the Court to serve as lead plaintiff(s) no later than 60 days from the date of publication of the notice, *i.e.* by July 7, 2015.  *See* Declaration of Rachele R. Rickert in Support of Motion of Jesse Ferris for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Selection of Counsel (hereafter "Rickert Decl."), Ex. A.

On May 14, 2015, a similar action captioned *Stein v. Ampio Pharmaceuticals, Inc., et al.,* No. 2:15-cv-03640  (the "*Stein* Action") was filed in this Court alleging violations of the Exchange Act on behalf of all persons who purchased or otherwise acquired Ampio securities during the Class Period.   On May 14, 2015, counsel in the *Stein* Action filed a similar notice of pendency via *PR Newswire* advising members of the proposed class of their right to move the Court to serve as lead plaintiff(s) no later than July 7, 2015.

## III.   STATEMENT OF FACTS

According to the *Napoli* Complaint, Ampio is a Delaware corporation focused primarily in developing therapies for the treatment of prevalent inflammatory conditions for which there are limited treatment options.  ¶¶ 2, 9.[2] Defendant Macaluso is the Chief Executive Officer and Chairman of the Board of Ampio, Defendant McGregor was the Chief Financial Officer of Ampio from

---

[2]    *See* the Complaint filed in the *Napoli* Action on May 8, 2015 (the "Complaint") at ECF No. 1.  All paragraph references ("¶") are to the Complaint.

April 2011 to June 2014, and Defendant Gould has served as the Chief Financial Officer of Ampio since June 2014.  ¶¶ 10-12.  During the period of January 13, 2014 to August 21, 2014 (the "Class Period"), Ampio's stock was traded on the NYSE. ¶ 9.

During the Class Period, Defendants made materially false and misleading statements or omissions regarding the Company's Phase III pivotal trial of Ampion, a drug developed for the treatment of osteoarthritis of the knee (the "STEP Study").  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the clinical research organization conducting the STEP Study lacked independence; and (2) the trial drug supply for the STEP Study was shipped to clinical sites at lower temperatures than permitted by the drug specifications. ¶¶ 3, 15-24.

On August 21, 2014, Ampio issued a press release announcing a delay in the data analysis of the STEP Study because both Ampio and the placebo used in the study were exposed to lower temperatures than permitted by the drug specifications during shipment to the clinical sites. ¶ 19.  On this news, the price of Ampio shares fell by $1.80, per share or over 24%, closing at $5.66 per share on August 21, 2014.  ¶ 20.  When additional details regarding problems with the Step Study were reported on August 22, 2014, Ampio shares fell another $0.82 per share or over 14% to close at $4.84 per share on August 22, 2014, further damaging investors.  ¶¶ 22-23.

## IV.   LEGAL ARGUMENT

### A.   The Related Actions Should Be Consolidated

The PSLRA requires that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not [appoint a Lead Plaintiff] until after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  Federal Rules

of Civil Procedure, Rule 42(a) permits a court to consolidate two or more actions if they "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).

Broad discretion is given to the court under this rule to consolidate cases pending within the District.  *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008).  "[T]he main question for a court in deciding whether to consolidate is whether there is a common question of law or fact."  *Ind. State Dist. Council of Laborers & HOD Carriers Pension Fund v. Gecht*, Nos. C-06-7274 EMC, C-06-7453 EMC, C-07-0698 EMC, 2007 U.S. Dist. LEXIS 26529, at *5 (N.D. Cal. Mar. 22, 2007).  "The purpose of consolidation is to avoid the unnecessary costs or delays that would ensue from proceeding separately with claims or issues sharing common aspects of law or fact."  *Siegall v. Tibco Software, Inc.*, No. C 05-2146 SBA, 2006 U.S. Dist. LEXIS 26780, at *5 (N.D. Cal. Feb. 24, 2006).  Further, consolidation serves "to avoid inconsistent adjudications."  *Team Enters., LLC v. W. Inv. Real Estate Trust*, Nos. 1:08-cv-00872-LJO-SMS, 1:08-cv-01050-LJO-SMS, 2008 U.S. Dist. LEXIS 91676, at *4 (E.D. Cal. Oct. 20, 2008). *See also Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31 CJC (RNBx), 2006 U.S. Dist. LEXIS 40607, at *6 (C.D. Cal. May 2, 2006) ("Because the relevant allegations are the same in each of the related actions, and many of the related actions involve common legal questions, consolidation would promote efficiency and avoid duplication …..").

The *Napoli* and *Stein* Actions should be consolidated pursuant to Rule 42(a), as these actions assert identical claims against the same Defendants and involve common questions of law and fact.  Specifically, both Actions allege that throughout the Class Period, Defendants intentionally misrepresented material facts about the business, operations and growth potential of Ampio in violation of federal securities laws, causing investors to purchase and/or sell the Company's securities at artificially inflated prices and sustain damages when the Company's share prices declined drastically.

Movant further requests, for the purpose of efficient and effective case administration, that any additional class actions filed in or transferred to this Court, arising out of the same operative facts and alleging substantially same causes of action, be similarly consolidated herewith and subject to the Court's order as set forth in the Proposed Order submitted herewith.

**B.    JESSE FERRIS SHOULD BE APPOINTED LEAD PLAINTIFF**

      **1.    The Procedure for Appointment of Lead Plaintiff Under the PSLRA**

The PSLRA sets forth the procedure governing the appointment of Lead Plaintiff in a private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.  *See* 15 U.S.C. § 78u-4(a)(1).  Under the first step of this procedure, the plaintiff who files a putative class action under the PSLRA must publish, within twenty days of filing the action, a notice advising members of the purported plaintiff class of the: (i) pendency of the action; (ii) claims asserted therein; (iii) purported class period; and (iv) option of any member of the purported class to move to serve as lead plaintiff of the purported class not later than 60 days after the date on which the notice is published.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).

Under the PSLRA, the Court is then required to appoint as lead plaintiff the "most adequate plaintiff," which the PSLRA defines as "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA further provides:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person … that –
>
> > (aa)    has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

- 5 -

|    |    |    |
|----|----|----|
| 1  | (bb) | in the determination of the court, has the largest financial interest in the relief sought by the class; and |
| 2  |      |    |
| 3  | (cc) | otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. |
| 4  |      |    |

15 U.S.C. § 78u-4(a)(3)(B (iii).[3]  *See In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002.

### 2.   The Notice Requirements under the PSLRA Have Been Satisfied

The notice requirements set forth in 15 U.S.C. § 78u-4(a)(3)(A) have been satisfied.  Counsel in the *Napoli* Action published a notice via *Business Wire* on May 8, 2015, the same day the *Napoli* Complaint was filed.  The notice advised purchasers of Ampio stock of:  (i) the pendency of a securities class action under the Exchange Act against Defendants; (ii) the claims asserted; (iii) the purported Class Period of the litigation; and (iv) the right of any member of the purported class to move the Court to serve as lead plaintiff within the 60 day period (by July 7, 2015) (the "Notice").  A true and correct copy of the Notice published by The Rosen Law Firm is attached as Exhibit A to the Rickert Declaration.

### 3.   Jesse Ferris Has the Largest Financial Interest in the Relief Sought By the Class.

---

[3]      The PSLRA provides that:

The presumption [of the claimant with the largest loss being lead plaintiff] may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff –

| (aa) | will not fairly and adequately protect the interests of the class; or |
|------|----|
| (bb) | is subject to unique defenses that render such plaintiff incapable of adequately representing the class. |

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Jesse Ferris has "the largest financial interest in the relief sought by the class" within the meaning of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). According to the information provided in his certification (*see* Rickert Decl., Ex. B), Jesse Ferris sustained an estimated recoverable loss of approximately $32,035.00 as a result of Defendants' actions during the proposed Class Period. *See* Rickert Decl., Ex. C. Jesse Ferris knows of no other persons who have sought to be Lead Plaintiff in this action who possess a larger financial interest as a purchaser of Ampio stock. *See Karam v. Corinthian Colleges, Inc.*, No. CV 10-6523-GHK (RCx), 2011 U.S. Dist. LEXIS 157041, at *2 (C.D. Cal. Mar. 30, 2011).

### 4. Jesse Ferris Has Satisfied the Other Requirements of the PSLRA

Jesse Ferris has satisfied each of the other requirements of the PSLRA for appointment as Lead Plaintiff. First, Mr. Ferris has signed a Certification pursuant to the federal securities laws, under oath, which:

(i)     states that he has reviewed the operative complaint;

(ii)    states that he did not purchase his shares of the Company's stock at the direction of plaintiffs' counsel or in order to participate in any private action arising under the federal securities laws;

(iii)   states that he is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

(iv)   sets forth all of his transactions in the shares of Ampio during the Class Period;

(v)    states that he has not sought to serve, nor has he served, as a representative party on behalf of a class in any private federal securities class action during the three (3) year period preceding the date on which the certification was signed; and

(vi)   states that he will not accept any payment for serving as a representative party on behalf of the class beyond his pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

*See* 15 U.S.C. § 78u-4(a)(2)(A)(i-vi); Rickert Decl., Ex. B.  Jesse Ferris has also satisfied the PSLRA by moving for appointment as Lead Plaintiff within 60 days after the date on which the Notice was published on May 8, 2015, *i.e.* on or before July 7, 2015.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(II); *see also* Rickert Decl., Ex. A.

Second, Mr. Ferris satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) is satisfied for the purposes of this motion where:  (i) the claims of the proposed lead plaintiff are typical of the claims of the class; and (ii) the proposed lead plaintiff will fairly and adequately protect the interests of the class.[4]  *Cavanaugh*, 306 F.3d at 730.

Mr. Ferris satisfies both the "typicality" and "adequacy" requirements under Rule 23(a).  Under Rule 23(a)(3), the "typicality" requirement is satisfied where the claims of the proposed class representative arise from the same course of conduct that gives rise to the other class members' claims, where these claims are based on the same legal theory, and where the class members and proposed class representative were injured by the same conduct.  *See Feyko v. Yuhe Int'l, Inc.*, No. CV 11-05511 DDP (PJWx), 2012 U.S. Dist. LEXIS 28040, at *6-7 (C.D. Cal.

---

[4]   Although there are two other requirements under Rule 23(a) of the Federal Rules of Civil Procedure – that the class be so numerous that joinder of all members is impracticable (Fed. R. Civ. P. 23(a)(1)) and that there be questions of law or fact common to the class (Fed. R. Civ. P. 23(a)(2)) – "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

Mar. 2, 2012).  Typicality is not an exacting test.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).  In this action, Jesse Ferris's claims are typical of those claims belonging to all class members.  Like all class members, Jesse Ferris suffered damages from purchases of Ampio stock that took place while Defendants made false and misleading representations concerning the Company's business, operations and prospects in violation of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder.  Furthermore, Jesse Ferris's interests are clearly aligned with those of the members of the class, and there is no evidence of any antagonism between his interests and those of the class.

The "adequacy" requirement of Rule 23(a)(4) is satisfied when the proposed class representative does not have interests antagonistic to the proposed class, and where the proposed class representative has retained experienced and capable counsel.  *In re Emulex Corp. Sec. Litig.*, 210 F.R.D. 717, 720 (C.D. Cal. 2002).  Here, Jesse Ferris has demonstrated that he will adequately represent the interests of the class by having obtained qualified and experienced counsel and by submitting a certification to the Court pursuant to federal securities laws indicating that he has reviewed the operative complaint and is willing to assume the responsibilities of a class representative.  *See* Rickert Decl., Ex. B.

All these factors demonstrate that Jesse Ferris's claims are typical of the claims of the class within the meaning of Rule 23(a)(3), and that Mr. Ferris will fairly and adequately represent the interests of the class under Rule 23(a)(4).

Jesse Ferris should therefore be appointed Lead Plaintiff on behalf of the proposed class.

**C.    The Court Should Approve Jesse Ferris's Choice of Counsel**

The PSLRA expressly provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should not disturb a proposed

1   lead plaintiff's choice unless "necessary to protect the interests of the plaintiff
2   class."  Statement of Managers – "The Private Securities Litigation Reform Act of
3   1995," 141 Cong. Rec. H13691, H13700 (daily ed. Nov. 28, 1995).  *See also*
4   *Cavanaugh*, 306 F.3d at 732-33; *In re Cohen*, 586 F.3d 703, 712 (9th Cir. 2009).

5          The Court should approve Wolf Haldenstein as Mr. Ferris's choice of Lead
6   Counsel.  The firm has extensive experience in the area of securities class action
7   litigation, as detailed in its firm resume.  Rickert Decl., Ex. D.  Therefore, the
8   Court may be assured that the class will receive the highest caliber of legal
9   representation.

10  **V.     CONCLUSION**

11         For the foregoing reasons, Jesse Ferris respectfully requests that this Court
12  consolidate the above-captioned actions and all future related actions, appoint him
13  to serve as Lead Plaintiff for the class, and approve his selection of Wolf
14  Haldenstein as Lead Counsel.

15  DATED:  July 7, 2015                  **WOLF HALDENSTEIN ADLER**
                                          **FREEMAN & HERZ LLP**
16                              By:       */s/ Rachele R. Rickert*
17                                        RACHELE R. RICKERT

18                                        FRANCIS M. GREGOREK
19                                        regorek@whafh.com
                                          BETSY C. MANIFOLD
20                                        manifold@whafh.com
                                          RACHELE R. RICKERT
21                                        rickert@whafh.com
                                          MARISA C. LIVESAY
22                                        livesay@whafh.com
                                          750 B Street, Suite 2770
23                                        San Diego, CA 92101
                                          Telephone:  619/239-4599
24                                        Facsimile:   619/234-4599

25                                        Attorneys for Movant Jesse Ferris

26

27

28  AMPIO.21921.v2.lead.pl.mot

- 10 -