# United States District Court
# Central District of California
# Western Division

| | | |
|---|---|---|
| GUIDANO NAPOLI, *et al.*, | | CV 15-03474 TJH |
| Plaintiff, | | |
| v. | | |
| AMPIO PHARMACEUTICALS, INC., *et al.*, | | Order |
| Defendants. | | |
| SHIVA STEIN, *et al.*, | | |
| Plaintiff, | | CV 15-03640 TJH |
| v. | | |
| AMPIO PHARMACEUTICALS, INC., *et al.*, | | |
| Defendants. | | |

The Court has considered the motion of the Harr Family and the motion of Stephen Kweder and Jeffery Barela to consolidate these cases, to be appointed as

lead plaintiff, and for approval of choice of counsel, together with the moving papers.

Pursuant to Fed. R. Civ. P. 42(a), the Court has broad discretion to consolidate cases that involve a common question of law or fact. *Investors Research Co. v. United States Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989). Additionally, the Private Securities Litigation Reform Act ["PSLRA"], 15 U.S.C. § 78u-4, supports the consolidation of actions where more than one action on behalf of a class asserting substantially the same claim or claims arising under a common question of law or fact has been filed. 15 U.S.C. § 78u-4(a)(3)(A)(ii).

Here, both complaints allege that Ampio made misleading public statements, regarding a drug it manufactured, to purchasers who acquired Ampio securities between January 13, 2014, and August 21, 2014. Consequently, both cases allege violations of §§ 10(b) and 20(a) of the Federal Securities Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a). Accordingly, both cases involve common questions of law and fact.

The PSLRA sets forth the criteria for selecting a lead plaintiff in a securities class action. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA creates a rebuttable presumption that the most adequate plaintiff to serve as the lead plaintiff is the party that: (1) Filed the complaint, or moved to be appointed as lead plaintiff in response to a notice that the class action had been filed, (2) Has the largest financial interest sought by the class, and (3) Otherwise satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

Here, the Harr Family filed this motion after receiving notice of Napoli's class action, and the Harr Family has the largest financial interest at stake - approximately $726,000.00. In determining whether the Harr Family has satisfied the requirements

of Fed R. Civ. P. 23(a), the Court need not raise its inquiry to the level required in ruling on a motion of class certification; a prima facie showing that the Harr Family satisfy the Rule 23 requirements is sufficient. *See In re Cavanaugh*, 306 F.3d at 729-30. At this stage of assigning a lead plaintiff, Rule 23's typicality and adequacy requirements are the Court's main focus. *In re Cavanaugh*, 306 F.3d at 730. Further, the numerosity and commonality requirements should be deferred until the lead plaintiff moves for class certification. *In re Cavanaugh*, 306 F.3d at 730.

Here, the Harr Family alleges that it shares substantially the same questions of law and fact with the members of the proposed class, and that its claims are typical of the members of the class. Additionally, the presumption in favor of appointing the Harr Family as lead plaintiff may be rebutted only upon proof by a member of the class that the presumptively most adequate plaintiff will: (1) Not fairly and adequately protect the interests of the class, or (2) Be "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No rebuttal evidence or arguments have been submitted.

Finally, the Harr Family has selected Lawrence Rosen as its counsel of choice to be lead counsel. The PSLRA confers on the lead plaintiff the right to select and retain the lead counsel, subject to approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). Further, the Court would interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). No one has opposed the appointment of Rosen, who appears to be a competent and experienced securities class action litigator, having been appointed as lead counsel in other securities class actions in this District and around the nation.

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the cases be, and hereby are, 𝕮𝖔𝖓𝖘𝖔𝖑𝖎𝖉𝖆𝖙𝖊𝖉.

1       It is further Ordered that the Harr Family be, and hereby is, Appointed lead plaintiff.

      It is further Ordered that Lawrence Rosen be, and hereby is, Appointed lead counsel for the plaintiff class.

      It is further Ordered that Kwedar's and Barela's motion for appointment as lead plaintiffs be, and hereby is, Denied.

Date:   December 10, 2015

_____
Terry J. Hatter, Jr.
Senior United States District Judge