
# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ERIC HARR, *et al.*, | CV 15-03474 TJH (PJWx) |
| Plaintiffs, | |
| v. | |
| AMPIO PHARMACEUTICALS, INC., *et al.*, | Order |
| Defendants. | [51] |

The Court has considered Defendants' motion to dismiss the consolidated complaint, together with the moving and opposing papers.

Defendants in this action are Ampio Pharmaceuticals, Inc. ["Ampio"], Ampio's Chief Executive Officer and Chairman of the Board Michael Macaluso, Ampio's Chief Financial Officers Mark D. McGregor and Gregory A. Gould, and Ampio's Chief Regulatory Affairs Officer Dr. Vaughn L. Clift.  Plaintiffs are individuals who purchased Ampio stock between January, 2014, and August, 2014.  This securities fraud action is based on Defendants' omissions in statements and disclosures regarding a clinical study of the drug Ampion, which the parties refer to without explanation as "The STEP Study."

Plaintiffs assert the following claims: (1) Violation of § 10(b) of the Securities

Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated by the Securities and Exchange Commission, 17 C.F.R. § 240.10b-5; (2) Violation of § 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a); (3) Violation of § 11 of the Securities Exchange Act of 1933, 15 U.S.C. § 77k(a); and (4) Violation of § 15 of the Securities Exchange Act of 1933, 15 U.S.C. § 77*o*.

To successfully oppose this motion to dismiss, Plaintiffs must satisfy the heightened pleading requirements pronounced in the Private Securities Litigation Reform Act of 1995 ["PSLRA"]. *See In re NVIDIA Corp. Secs. Litig.*, 768 F.3d 1046, 1052 (9th Cir. 2014).

To state a claim for violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Plaintiffs must state, with particularity, the facts giving rise to a strong inference that Defendants acted with the requisite state of mind, *i.e.*, scienter. 15 U.S.C. § 78u-4(b)(2)(A). Further, in determining whether the pled facts give rise to a strong inference of scienter, the Court must consider plausible opposing inferences. *See In re NVIDIA*, 768 F.3d at 1052. Additionally, in the Ninth Circuit, alleged facts that demonstrate deliberate recklessness will satisfy the scienter requirement. *See In re NVIDIA Corp.*, 768 F.3d at 1053. Therefore, Plaintiffs who allege deliberate recklessness must set forth facts that demonstrate "a highly unreasonable omission involving an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to [Defendants] or is so obvious that [Defendants] must have been aware of it." *See In re NVIDIA Corp.*, 768 F.3d at 1053.

In considering whether the alleged facts are sufficient to create a strong inference of scienter, the Court must, first, determine whether any of the allegations, standing alone, are sufficient to create a strong inference of scienter. *See In re NVIDIA Corp.*, 768 F.3d at 1056. If none of the alleged facts are sufficient standing alone, the Court must, then, consider the allegations holistically to determine whether the facts create a strong inference of scienter when taken together. *See In re NVIDIA Corp.*, 768 F.3d

at 1056.

Here, none of Plaintiffs' allegations, standing alone, are sufficient to create a strong inference of scienter, including deliberate recklessness, to sufficiently state a claim for violation of § 10(b). *See In re NVIDIA Corp.*, 768 F.3d at 1056. Moreover, even when the allegations are taken together, they do not create a strong inference of scienter, including deliberate recklessness. *See In re NVIDIA Corp.*, 768 F.3d at 1056. Plaintiffs' complaint falls just short of alleging sufficient facts that give rise to a strong inference of scienter, knowledge, or deliberate recklessness. Finally, Plaintiffs acknowledged in the complaint that Defendants took a "hand off approach" when it came to the STEP Study, which the Court must consider to be a plausible opposing inference. *See In re NVIDIA*, 768 F.3d at 1052. Accordingly, Plaintiffs failed to state a claim that Defendants violated § 10(b).

To state a claim for a violation of § 11 of the Securities Exchange Act of 1933, 15 U.S.C. § 77k(a), Plaintiffs must allege that: (1) Ampio's registration statement contained an omission or misrepresentation, and (2) the omission or misrepresentation was material, in that it would have misled a reasonable investor about the nature of his or her investment. *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1161 (9th Cir. 2009). Further, Plaintiffs' § 11 claim is subject to PSLRA's heightened pleading requirements because the claim is sounded in fraud. *See Rubke*, 768 F.3d at 1161. This requirement can be satisfied by allegations that point to inconsistent contemporaneous statements or information that was made available by or to Defendants. *See Rubke*, 768 F.3d at 1161.

Here, Plaintiffs allege that Defendants' failure to include in Ampio's registration statement facts regarding, *inter alia*, temperature deviations that tainted the Ampion used in the STEP Study constituted omissions of material facts. However, Plaintiffs failed to allege that any of the individual Defendants knew about the temperature deviations, or that such information was made available to any of the individual Defendants before the registration statements were issued. To refute Defendants'

assertion that they did not immediately know of the temperature deviations because they took a "hands off" approach to the STEP Study, Plaintiffs included allegations regarding statements from a former Ampio employee and a "regulatory expert."

A complaint relying on statements from confidential witnesses must pass two hurdles to satisfy the PSLRA pleading requirements. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 995 (9th Cir. 2009). First, the confidential witness's statements must be described with sufficient particularity in the complaint to establish the witness's reliability and personal knowledge. *Zucco Partners, LLC*, 552 F.3d at 995. Second, the confidential witness's statements described in the complaint must indicate sufficient reliability and personal knowledge that the statements, themselves, are indicative of state of mind. *Zucco Partners, LLC*, 552 F.3d at 995.

Here, while the former Ampio employee's statements included in the complaint describe Ampio's reporting policies and protocols for clinical drug studies, those policies and protocols were applicable to a different clinical drug study. Further, there were no allegations in the complaint that this former employee was aware of Ampio's reporting policies and protocols for the STEP Study, or that the former employee had any involvement in the STEP Study. Accordingly, the allegations regarding the former employee's statements do not demonstrate personal knowledge of the STEP Study. *See Zucco Partners, LLC*, 552 F.3d at 995. Therefore, Plaintiffs cannot rely on those statements to sufficiently allege a violation of § 11.

Next, the allegations regarding statements from the regulatory expert, who allegedly stated that Defendants' "hands off" approach and failure to learn earlier of the temperature deviations is "implausible and contrary to industry practice," cannot be considered for the reasons stated above. *See Zucco Partners, LLC*, 552 F.3d at 995. While Plaintiffs cite to cases where other courts accepted allegations regarding expert opinions to satisfy the PLSRA's heightened pleading requirement, those cases are distinguishable. Here, the regulatory expert's statements referenced in the complaint were neither sworn nor contained in a report attached to the complaint. *See In re*

*MannKindSecurities Actions*, 835 F. Supp. 2d 797, 811 (C.D. Cal. 2011); *Barrie v. Intervoice-Brite, Inc.*, 397 F.3d 249, 257 (5th Cir. 2005). Accordingly, Plaintiffs' allegations regarding the statements from the regulatory expert will not be considered for purposes of this motion.

Therefore, in light of the PLSRA's heightened pleading requirements, Plaintiffs failed to state a claim that Defendants violated § 11.

Finally, Plaintiffs' claims under § 20 of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a), and § 15 of the Securities Exchange Act of 1933, 15 U.S.C. § 77*o*, must be dismissed because, as stated above, Plaintiffs failed to allege a primary violation of either § 10(b) or § 11. *See Paracor Fin., Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1161 (9th Cir. 1996).

It is Ordered that the motion to dismiss be, and hereby is, Granted without prejudice.

It is further Ordered that Plaintiffs may file an amended complaint by September 6, 2016.

Date: August 4, 2016

_____
Terry J. Hatter, Jr.
Senior United States District Judge